No. 745

MUELLER v. STATE

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2881. Decided Feb. 21, 1926.

First Publication of this Opinion.

1071. SEARCH AND SEIZURE—327. Courts—Duty of mayor, or whoever is in charge of court, to determine whether or not evidence submitted is sufficient to justify issuing of search warrant.

911. PERJURY—49. Affidavits—1. Where witness, upon whom deputy relies for information, is before mayor for examination, where nothing is concealed or fraudulently stated, and mayor thinks evidence is sufficient to justify issuing of search warrant, affidavit by deputy to secure warrant does not constitute perjury.

2. Failure of mayor, in preparing affidavit for deputy, to strike out, from printed form, allegations which do not apply, does not furnish sufficient grounds for conviction under indictment charging perjury.

Error to Common Pleas.

Judgment reversed.

Edward M. Ballard, Cincinnati, for Mueller.

Charles S. Bell, Pros. Atty., and Carl E. Basler, Asst. Pros. Atty., Cincinnati, for State.

BUCHWALTER, J.

Defendant below, now plaintiff in error, was indicted on two counts, the first being based on an affidavit made by defendant Mueller for the illegal possession of liquor, in the premises known as 644 Forest Ave., Cincinnati, and the second count being based on an affidavit made to procure a search warrant for the premises known as 644 and 646 Forest Ave. The charge of the indictment was perjury.

The first count was dismissed, and not submitted to the jury, so the only matter before us is as to the charge of perjury, made in the second count of said indictment.

The indictment set up the matters contained in the affidavit for the search warrant, and then stated that the matters so set forth were not true in fact, and that Harry Mueller did not then and there believe the several matters and things so by him, as aforesaid, before the said mayor, deposed and sworn to, but then and there well knew the same to be wilfully false and untrue.

The affidavit for the search warrant was on a printed form, in which various portions were left blank, to be filled in before the affidavit was sworn to.

The following statement is contained in the affidavit: "That he (the said Mueller) believes, and has good cause to believe, that on or about the 9th day of May, 1924, intoxicating liquors, with the property from which, and by which they were manufactured, and vessels in which they were contained, and equipment, implements and furniture, etc., used in connection with the illegal manufacture, etc., were kept in the building known and described as a two and a half story brick building, known as and located at 644 and 646 Forest Ave."

The question is whether or not said Mueller believed, and had reasonable grounds to believe, that there was liquor in the premises described as 644 Forest Ave., which was illegally possessed.

It appears from the evidence that Miller had been informed by one Gamble that there was liquor in this building. This informer gave him a card, on which was written the name and telephone number of the man from whom he said he could purchase liquor. The defendant then proceeded to the home of the mayor, taking with him the informer as a witness. After hearing the information offered as to Golden and as to a maid employed in this house, in reference to liquor in the premises, the mayor himself dictated the language which was inserted in the printed form of the affidavit used in his court.

It is true that a part of the printed portion designated the implements for the manufacture of liquor, etc., but the mayor, under whom this deputy was working, thought sufficient of the evidence presented to prepare the affidavit, have the deputy sign and swear to it, and to issue a search warrant for the premises.

Two numbers were mentioned in describing the house. It developed later that the house was what is known as a St. Louis flat, containing two separate and distinct apartments, and it is claimed that, as to No. 644 Forest Ave., the affidavit was false in fact.

We find, nowhere, any evidence to support the charge that Mueller did not believe or did not have reasonable ground to believe that this building contained liquor. In fact, the officers found liquor, in both apartments, which was afterwards returned on court order, as being possessed in accordance with law.

It is the duty of the mayor, or whoever is in charge of the court, to determine whether or not the evidence submitted is sufficient to justify the issuing of a search warrant. In this case, he thought it was, and from a careful reading of the record, we do not find that anything was concealed from him or fraudulently stated, and the witness on whom the deputy relied for his information, was before the mayor and interrogated.

The record does not show any wilful or corrupt statement of a falsehood by this deputy to mislead the mayor, although the mayor in preparing the affidavit for his deputy, failed to strike out some of the allegations in the printed form of the affidavit.

We find that there was no evidence presented to warrant the submission of the case to the jury upon the charge of perjury, and the motion to dismiss should have been granted.

We are not holding that a blanket search warrant, covering a building containing the residences of two or more families, would be valid, but the ruling is simply on the question of perjury, which was the crime charged.

An entry may be prepared, in accordance with this opinion, rendering the judgment here that should have been rendered below, to-wit, granting the motion, and discharging the defendant below.

(Hamilton, PJ., concurs.)